UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                              CASE NO.

**800 BOURBON STREET, LLC**                         **08-11322**
                                                                              SECTION A
DEBTOR                                                                   CHAPTER 11

## **REASONS FOR DECISION**

On October 29, 2008, the Court heard the Motion for Relief from the Automatic Stay ("Motion")[1] filed by First Bank & Trust ("FBT"). The Court took the matter under advisement.

### **I. Facts**

800 Bourbon Street, L.L.C ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 11, 2008.

On September 29, 2008, FBT filed the Motion seeking an order of the Court lifting the automatic stay so that FBT may proceed with foreclosure of the collateral, the property located at 800 Bourbon Street, New Orleans, Louisiana ("the Property").

FBT hold both a mortgage[2] on the Property and an Assignment of Leases and Rents[3]. Debtor leases the Property to Louisiana Interests, Inc. ("LA Interests") which operates a bar at the Property.[4]

On September 2, 2008, Debtor transferred to FBT $42,488.20.[5]

On September 15, 2008, Debtor transferred to FBT $21,244.10.[6]

---

[1] Pleading 29.

[2] Exhibit C3.

[3] Exhibit C4.

[4] Exhibit D1.

[5] Exhibit D4.

[6] Exhibit D5.

On October 14, 2008, Debtor transferred to FBT another $21,244.10.[7]

**II. Law and Analysis**

FBT seeks relief from the automatic stay based on 11 U.S.C. § 362(d)(1) and (2) which provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>     (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>     (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>         (A) the debtor does not have an equity in such property; and
>         (B) such property is not necessary to an effective reorganization;

Based upon the testimony and evidence admitted, the Court finds that FBT is adequately protected through interim payments and because there was no showing of deterioration or loss of value to the Property. The Court also finds that the Property is necessary to an effective reorganization as rent from the Property is Debtor's sole source of income.

With respect to single asset real estate cases, 11 U.S.C. § 362(d)(3) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - ...
>
>     (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>
>         (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

---

[7] Exhibit D6.

>  (B) the debtor has commenced monthly payments that--
>
>> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>
>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

Based on the testimony and evidence admitted, the Court finds that Debtor is making monthly payments greater than the amounts due under 11 U.S.C. § 362(d)(3)(B)(ii)[8] and has satisfied the provisions of 11 U.S.C. § 362(d)(3). Further, the Court finds based on the draft plan admitted into evidence[9] that there is a reasonable possibility of a plan of reorganization being confirmed

---

[8] Exhibits D4, D5, and D6 are wire transfers from Debtor to FBT dated September 2, 2008; September 15, 2008; and October 14, 2008.

[9] Exhibit D12.

within a reasonable time.  Therefore, the Motion is denied.  An Order will be entered in accordance with the Court's ruling.

New Orleans, Louisiana, November 12, 2008.

Hon. Elizabeth W. Magner

U.S. Bankruptcy Judge